**FIDELITY & DEPOSIT CO. OF MARYLAND
v. A. G. COL CO., Inc.**

**No. 5906.**

Circuit Court of Appeals, Ninth Circuit.
May 26, 1930.

Rehearing Denied July 7, 1930.

WILBUR, Circuit Judge, dissenting.

Redman & Alexander and Redman, Alexander & Bacon, all of San Francisco, Cal., for appellant.

Simeon E. Sheffey and Alden Ames, both of San Francisco, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge.

In an action then pending in the superior court of California in and for Santa Clara county, entitled California Sweet Potato Corporation v. A. G. Col Company and Others, on June 30, 1925, the judge of that court made an ex parte order, upon the verified complaint, appointing one Col as receiver of the defendants' property. Col qualified by taking the official oath and giving a bond in the penal sum of $5,000, with the appellant herein as surety. He acted as receiver only two or three days and was superseded by Napoli, who continued in office for several months, until both orders of appointment were vacated by the Supreme Court of the state in a prohibition proceeding. See A. G. Col Co. v. Superior Court, 196 Cal. 604, 238 P. 926. In the instant case, which is a suit on the Col bond above referred to, the jury returned a verdict of $6,300, which was, admittedly, in excess of any possible liability by about $1,100, and, appellee having offered to remit the excess, judgment was entered against the surety for $5,200, and from that judgment it prosecutes this appeal.

We find it necessary to discuss but a single question. The theory upon which the action was brought is that the bond was not a receiver's qualifying bond, but a bond given by plaintiff in the action for the appointment ·of a receiver. No malfeasance or misfeasance on the part of Col as receiver was alleged or proved. It was and is contended only that the appointment of a receiver was wrongfully procured, that as a consequence of such wrong the appellee suffered the damages sought to be recovered, and that for such damages appellant is liable under its bond. In this last conclusion we are unable to concur.

Unless the bond was given, not pursuant to the order appointing the receiver, "but (to use the language employed by appellee) antecedent thereto and (by the state court) was required as a condition precedent to the issuance" of such order, admittedly, it would seem, the judgment cannot be sustained. But we find no valid ground for such an assumption. The first and only pertinent order exhibited in the record is dated June 30, 1925. After a recital of the papers upon which it was based, it provides:

"That A. G. Col, of San Jose, California, be and he is hereby appointed receiver of the property described in the complaint (a particular description of which is given), now in possession of said defendants.

"Upon the said A. G. Col executing, acknowledging and filing with the clerk of this court a bond in the usual form to the State of California, in the penal sum of * * * $5,000.00 * * * to be approved as to its form and manner of execution by this court, and upon due qualification of said receiver.

"It is further ordered that said A. G. Col, as receiver, be and he is hereby vested with all the usual powers," etc.

And finally the order directs service of a copy thereof, and of the moving papers, on defendant in the action.

Clearly the language so employed is apt to express a requirement for a receiver's bond

but wholly inappropriate for a bond upon the appointment, or as a condition to the appointment, of a receiver. The functions of such bonds are entirely distinct; the one would be to guarantee the fidelity of the receiver whether rightfully or wrongfully appointed, and the other to indemnify the defendant against the wrongful appointment of a receiver. It would be most extraordinary to require a receiver to give a bond to indemnify a party if it should ultimately be adjudged that his appointment was wrongful; that is a matter with which he has no concern. Such an obligation may be imposed upon the applicant for a receiver, but it was neither imposed upon nor assumed by the applicant here.

As directed by the order, the receiver upon the same day gave a bond to qualify and further qualified by taking the official oath. When we turn to the bond we find that appropriately it is entitled "Bond of Receiver," not "Bond for the Appointment of Receiver." Therein, A. G. Col is (appropriately if it is a receiver's bond) named as principal, and, after referring to the order hereinbefore described, it appropriately recites that thereby Col was appointed receiver and that it vested him "with all rights and powers as such receiver upon filing a bond for the faithful performance of his duties in the penal sum of five thousand ($5,000.00) dollars." There is no recital of a requirement for a bond to indemnify the defendants for the wrongful appointment of a receiver. True, in the following and closing paragraph of the instrument, in expressing the conditions of the bond, there is stated a condition appropriate to a bond for the appointment of a receiver, as well as one appropriate to a receiver's bond. But there being no order or requirement for the former, it must be deemed to have been inserted through inadvertence, or, at least, to be wholly without consideration. It is asserted that the bond was approved by the court, but, even were it material, we find no indorsement, order, or other evidence of such approval. It was not executed by the plaintiff in the action. Col, as well as the appellant, signed it, and if one is liable for the wrongful appointment of a receiver, the other is also. But upon the record it would require courage to suggest that Col intended or that any party understood he intended to obligate himself to indemnify appellee herein for the wrongful conduct of plaintiff in the action, in procuring his appointment. Though if it had the right to proceed against appellant, it had an equal right against Col, not without method probably, appellee chose to sue appellant, a corporation, alone.

It is suggested that because the plaintiff alleged in its complaint that this bond "was given prior to the order appointing receiver," the finding of the jury in favor of the plaintiff was in effect a finding of the truth of the allegation. But apparently it is overlooked that neither explicitly nor implicitly was any such question submitted. Plaintiff asked for and the court in its final charge peremptorily advised the jury: "You are instructed that there is only one issue in this matter for you to decide and that is the amount of damage which the plaintiff in this action suffered, if any, by reason of the wrongful appointment of the receiver for plaintiff's business." And we have searched the record in vain to discover any evidence, direct or inferential, documentary or oral, to support such a finding, had it been made—though, it may be added, this consideration might not have been serious with a jury which, after being instructed that their verdict could not exceed the penal sum of the bond, namely, $5,000, with interest on some possible small items of damages, brought in a verdict in excess of that amount by $1,100, and that as damages for a two-day receivership.

Reversed.

WILBUR, Circuit Judge, dissenting.